UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x

JOEL MORALES, on behalf of himself and others similarly situated,

           Plaintiff,

- against –

SHIVA AMBULETTE SERVICE, INC; BHARAT PATEL; and SUNITA MEHTA,

           Defendants.

------------------------------------------------- x

Civil Action No. 18-2469

**FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff Joel Morales (the "Plaintiff"), on behalf of himself and others similarly situated employees, as class representative, by and through his attorney, Mohammed Gangat, Esq., files this Complaint against Defendants Shiva Ambulette, Inc.; Bharat Patel, and Sunita Mehta, and alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he and a proposed class of others similarly situated are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid spread of hours: premium for each day he worked in excess of ten hours, (3) penalties and damages for illegal deductions from wages, (4) liquidated damages on those amounts, (5) pre-judgment and post-judgment interest; and (6) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he and a proposed class of others similarly situated are entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) unpaid spread of hours premium for each day worked in excess of ten hours; (3) penalties and damages for illegal deductions from wages (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5. Plaintiff is a resident of Bronx County, New York.

6. Defendant Shiva Ambulette Service, Inc. (the "Corporate Defendant" or "Shiva Ambulette Service") is a domestic corporation organized under the laws of the State of New York, with a principal place of business at 5582 Broadway, Bronx, NY 10463. Shiva Ambulette Serviceis a transportation provider company largely involved in ambuletteservice.

7. Defendant Bharat Patel ("Individual Defendant") is the co-owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendant, who

actively participates in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and theRegulations thereunder, and is jointly and severally liable with the Corporate Defendant.

8. Defendant Sunita Mehta ("Individual Defendant") is the co-owner, shareholder, director, supervisor, managing agent, and/or proprietor of the Corporate Defendant, who actively participates in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and theRegulations thereunder, and is jointly and severally liable with Mr. Patel and Shiva Ambulette Service.

9. Defendants exercise control over the terms and conditions of their employees' employment, in that they havethe power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

10. At all relevant times, Shiva Ambulette Service met the definition of an "employer" under all applicable statutes.

11. At all relevant times, Bharat Patel met the definition of an "employer" under all applicable statutes.

12. At all relevant times, Sunita Mehta met the definition of an "employer" under all applicable statutes.

13. Defendants have the power to hire and fire employees.

14. Defendants supervised and controlled all employees' work schedules.

15. Defendants supervised and controlled all employees' conditions of employment.

16. Defendants have the power to change compensation practices for all employees.

17. Defendants maintain employment records, including records of pay, hours worked, performance, and licensing and certifications.

18. Defendants hired and continuously employed plaintiff Joel Morales("Plaintiff") to work as a ambulette driver in the State of New Yorkfor nearly a decade.

19. The employment began more than six years prior to the date of the filing of this lawsuit and continued until in or around March 2017.

20. The work performed by Plaintiff was directly essential to the business operated by Defendants.

21. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

22. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention to the New York Labor Law.

23. Defendants knowingly and willfully made deductions from Plaintiff's wages in direct contravention to the New York Labor Law.

24. The deductions were made to pay for parking tickets Plaintiff received while on the job.

25. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

**STATEMENT OF FACTS**

26. Defendants employed Plaintiff as a driver for Shiva Ambulette Service.

27. Plaintiff was responsible for driving an ambulette, picking up patients, and taking

them to the doctor, as well as other locations.

28. Defendants supervised and controlled Plaintiff's work schedule.

29. Defendants determined each employees' rate of pay.

30. Upon being hired, Defendants instructed Plaintiff to work and Plaintiff did in fact work a regular schedule consisting of six (6) days a week, each day working either 4 AM to 9 PM or from 4 AM until midnight.

31. Defendants agreed to pay and did in fact pay Plaintiff $600 per week.

32. On occasion, Defendants made illegal deductions from Plaintiff's wages.

33. Defendants claimed that the deductions were on account of recouping the cost of parking tickets Plaintiff received while on-the-job.

34. Plaintiff is a covered employee of the Defendants within the meaning of the FLSA and NYLL.

35. Defendants did not pay Plaintiff the proper overtime wages as required by law for all hours worked over 40 in a workweek.

36. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

37. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

5

# COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this action individually and as class representatives on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants as a driver between March 20, 2015 and the date of final judgment in this matter (the "FLSA Collective").

39. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

40. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

41. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede

their ability to protect their interests.

42. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

43. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendants had the power to hire and fire Plaintiff and the Collective Action Members;

   c. Whether the Defendants had the power to set compensation policies for the Plaintiff and the Collective Action Members;

   d. Whether the Defendants had the power to set conditions of employment for the Plaintiff and the Collective Action Members;

   e. Whether the Defendants had the power to set the work schedules of the Plaintiff and the Collective Action Members;

   f. Whether the Defendants maintained employee records, including records of certifications and qualifications required to work, with respect to Plaintiff and the

Collective Action Members;

g. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

h. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements;

i. Whether the Defendants failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek;

j. Whether the Defendants failed to pay Plaintiff and the Collective Action Members required spread of hours pay for each hour they worked in excess of 10 hours per day; and

k. Whether the Defendants illegally deducted from employee wages the cost of parking tickets incurred by employees while on-the-job.

44. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

45. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

46. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

47. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time in the six years preceding the date the complaint in this action was filed (the "Class Period") as an ambulette driver between March 20, 2012 and the

date of final judgment in this matter (the "Collective Action Members").

48. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

49. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

50. The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

51. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

52. Plaintiff will fairly and adequately protect the interests of the NY Class members. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

53. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

54. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff claims are typical of the Class.

55. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

   b. Whether the Defendants had the power to hire and fire Plaintiff and the Class members;

   c. Whether the Defendants had the power to set compensation policies for Plaintiff and the Class members;

   d. Whether the Defendants had the power to set conditions of employment for the Plaintiff and the Class members;

   e. Whether the Defendants had the power to set work schedules for the Plaintiff and the Class members;

   f. Whether the Defendants maintained employees' records, including records of certifications and qualifications required to work for the Plaintiff and the Class member;

   g. Whether the Defendants failed to pay the Plaintiff and the Class members the

"spread of hours" premium for each day they worked a shift in excess of ten (10) hoursand the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

h. Whether the Defendants made deductions from Plaintiff and the Class members wages prohibited by the New York Labor Law;

i. Whether the Defendants failed to pay Plaintiff and the Collective Action Members required spread of hours pay for each hour they worked in excess of 10 hours per day;

j. Whether the Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

k. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

*[remainder of page intentionally left blank]*

## STATEMENT OF CLAIM

## COUNT I

### [Violation of the Fair Labor Standards Act]

56. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "55" of this Complaint as if fully set forth herein.

57. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

59. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

60. Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

61. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

62. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work

week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

63. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

64. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

65. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

66. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

67. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

68. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### [Violation of the New York Labor Law]

69. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "68" of this Complaint as if fully set forth herein.

70. Defendants employed Plaintiff and the Class members within the meaning of New York Labor Law §§ 2 and 651.

71. Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay Plaintiffs and the Class members required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

72. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

73. Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay "spread of hours" premium to Plaintiff and the Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

74. Employers are prohibited from making deductions from wages pursuant to Section 193 of the New York State Labor Law, except in limited circumstances.

75. Defendants made deductions from wages to recoup the cost of paying for parking tickets Plaintiff and Class members received while on-the-job.

76. Defendants were not permitted to make those deductions pursuant to Section 193of the NYLL.

77. Defendants failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

78. Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

79. Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

80. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

81. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing thehours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

82. At the time of their hiring, Defendants failed to notify Plaintiff and the Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

83. Due to the Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for overtime compensation for all overtime hours, "spread of hours" premium, reimbursement of the cost of deductions from wages made by Defendants', reasonable attorneys' fees, and costs and

disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

84. Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Joel Morales, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as an ambulettedriver, with such notice informing employees that this civil action has been filed, the nature of the action, and of the employees' right to join this lawsuit if the employee believes he or she was denied proper wages;

ii. An award for unpaid overtime compensation due under the FLSA and New York Labor Law;

iii. An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

| | |
|---|---|
| v. | An award of civil penalties pursuant to the New York State Wage Theft Prevention Act in the amount of $50 for each workweek Defendants failed to provided Plaintiff and any class member proper annual wage notices as provided by NYLL Article 6, Section 198, and statutory penalties in the amount of $100 for each workweek Defendants failed to provided Plaintiff and any class member proper wage statements as provided by NYLL Article 6, Section 198; |
| vi. | Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; |
| vii. | Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel; |
| viii. | Payment of a service award to Plaintiff, in recognition of the services he renders to the FLSA Collective and Rule 23 Class; |
| ix. | Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the NYLL and supporting regulations; |
| x. | An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL and to stop making illegal deductions from employee wages; |
| xi. | An award of prejudgment and post-judgment interest; |
| xii. | An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and |
| xiii. | Such other and further relief as this Court determines to be just and proper. |

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
     March 20, 2018          **LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff Joel Morales and the Putative Class*